# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **BEN BOSWORTH** ) | **CASE NO.: 3:18-cv-00322-TMR** |
| ) | (formerly 1:18-cv-00672) |
| **Plaintiff,** ) | |
| ) | **Judge Thomas M. Rose** |
| vs. ) | **Magistrate Judge Michael J. Newman** |
| ) | |
| **DAYTON HEIDELBERG** ) | |
| **DISTRIBUTING COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the parties and for good cause shown, **IT IS HEREBY ORDERED** that the following provisions shall govern the use, handling, and disclosure of personal, confidential, trade secret, and/or proprietary information of Plaintiff Ben Bosworth ("Plaintiff") and Defendant Dayton Heidelberg Distributing Co. ("Defendant") that may be produced or obtained by Plaintiff or Defendant in this action. This Agreed Protective Order ("Order") shall also apply to third parties that may produce documents or provide testimony in this action, and such third parties shall be entitled to designate documents or testimony in accordance with this Order's provisions.

1.  For purposes of this Order, "Confidential Information" means information that either (a) a party owes a duty to third parties to maintain as confidential, or (b) a party in good faith deems to constitute or contain trade secrets or other confidential, personal, financial, commercially sensitive, or proprietary information that is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. The parties must, to the extent either wishes to invoke protection under this Order, give notice in the manner set forth hereinafter,

of the information and documents and testimony to be covered hereby and the opposite party's duty to maintain the confidentiality thereof pursuant to this Order.

2. This Order applies to all documents, testimony, answers to interrogatories, and other information in whatever form produced or given by any person or entity pursuant to pretrial discovery in this action ("Discovery Materials").

3. Any person or entity producing Discovery Materials may designate such Discovery Materials as Confidential Information by identifying and marking them "CONFIDENTIAL" when produced ("Confidential Discovery Materials"). A party's inadvertent failure to designate Discovery Materials as Confidential Information in accordance with this Order, or a party's failure to object to a designation when made, shall not preclude a party from designating such Discovery Materials as Confidential Information at a later date, or filing a motion at a later date seeking to impose such designations or challenge the propriety thereof.

4. At any deposition session, upon any inquiry regarding the content of a document containing Confidential Information, or when counsel for a party deems that the answer to a question will result in the disclosure of Confidential Information within the meaning of this Order, counsel may direct the court reporter to mark the transcript portion as "CONFIDENTIAL," and to provide both a full copy of the transcript and one from which the portions designated "CONFIDENTIAL" have been redacted. When such a direction has been given, the testimony may be disclosed only to those individuals specified in paragraph 5 below, and the information contained therein shall not be used for any purpose other than for this action. Counsel may also request that all persons other than the reporter, counsel, and individuals specified in paragraph 5 hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification

for counsel to advise the witness to not answer the question. In lieu of making an express confidentiality designation on the record at the deposition session, counsel for the designating party may deliver a written notice of designation to counsel for the other parties within fourteen (14) days after receipt of the official transcript. The parties shall treat all official transcripts as Confidential Information for fourteen (14) days after receipt in order to permit such designations to be made.

5. Copies, extracts, summaries, notes, and other derivatives of Confidential Discovery Materials shall also be deemed Confidential Information and subject to this Order's provisions. Confidential Discovery Materials shall not be disclosed to any person except:

(a) Counsel for any party involved in this action, including associated or general counsel, and the legal associates, paralegals, assistants, or other staff of such counsel;

(b) Those directors, officers, and employees of the parties, witnesses, and potential witnesses with whom counsel determines, in good faith, it is necessary to confer;

(c) Experts, consultants, or translators retained for the purpose of this litigation and any necessary assistants and clerical employees under their direct supervision and employed by them or their employer or organization;

(d) Witnesses and court reporters at any deposition, hearing, or other proceeding held in connection with this litigation;

(e) Any mediator and/or the staff of the mediator used to attempt resolution;

(f) The Court, Court personnel, and stenographic reporters and videographers retained to record testimony given in this action; and

(g) Any other person upon prior written consent from the party that produced such Confidential Discovery Materials.

6. Prior to disclosing Confidential Discovery Materials to any person listed in paragraph 5 above, the disclosing party shall notify the person receiving the Confidential Discovery Materials about this Order, provide that person with a copy of this Order, and obtain a written agreement, in the form attached hereto as Exhibit A, that such person agrees to be bound by this Order's terms and conditions. Any person receiving Confidential Discovery Materials shall keep them separate and inaccessible, and shall not reveal or discuss such materials to or with any person not entitled to disclosure as provided in this Order. The parties and their counsel, agents, and employees, however, shall not be required to execute an agreement in the form of Exhibit A prior to receiving or reviewing any Confidential Discovery Materials, but instead shall be bound by this Order's terms by the signature of their respective counsel.

7. Prior to any hearing or trial, the Court shall determine the procedures, if any, governing the use of Confidential Information at such hearing or trial.

8. Any Confidential Discovery Materials or testimony presented during a hearing or other appearance before the Court, if not already properly designated, must be designated as confidential within thirty (30) days of the hearing or appearance.

9. If a party objects to another party's designation of Discovery Materials as Confidential Information, it shall give counsel for the party making such designation written notice of such objection, setting forth the reasons supporting the objection. Counsel for the party making the designation shall respond in writing to the objection within ten (10) days of receipt. If the party making the designation refuses to withdraw the designation, the party objecting to the designation may, upon reasonable notice, apply to the Court for a ruling on whether the Discovery Materials should be treated as Confidential Information. Unless and until the Court enters an order changing the designation of said Discovery Materials, however, they shall be treated as Confidential

Discovery Materials.

10. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

11. The inadvertent production of any privileged material or Confidential Information shall not be deemed a waiver or impairment of any claim of privilege or the confidential nature of the information. Upon receiving oral or written notice from the producing party that privileged material or Confidential Information has been inadvertently produced, all such information and any copies thereof shall immediately be returned to the producing party and the receiving parties shall destroy all documents generated based on such information and not use them for any purpose without an order of this Court. Any analyses, memoranda, or notes that were internally generated based upon inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

12. This Order may be amended without leave of Court by agreement of the parties in the form of a written stipulation that shall be filed herein.

13. If any party determines it is necessary to file any Confidential Discovery Materials with the Court or to refer to such information in filings with the Court, the party shall follow the procedures of S.D. Ohio Local Civil Rule 5.2.1. If the Court determines that public access to such information may not be restricted, the party may submit such filing, including all references in the filing and attachments thereto to which the Court has not restricted access, on the public record.

14. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir.

1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Stipulated Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Stipulated Protective Order to the contrary are hereby stricken. Parties intending to file any information designated as Confidential under this Order shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Local Civil Rule 5.2.1.

15. This Order's terms shall survive the termination of this litigation, and the Court shall retain jurisdiction to enforce this Order's provisions and make such amendments, modifications, or additions as the Court may from time to time deem appropriate.

16. Within sixty (60) days after final termination of this litigation, including all appeals, any party that received Confidential Discovery Materials shall be under an obligation to assemble and return to the producing party all such Confidential Discovery Materials and any documentary material or memoranda embodying information still designated confidential, including all copies of such memoranda or documentary material that may have been made, or to certify in writing that all such documents have been destroyed.

17. Nothing in this Order shall affect or restrict the rights of any party with respect to the use or disclosure of its own Discovery Materials.

18. This Order shall have no effect on the admissibility of any Discovery Materials.

**IT IS SO ORDERED.**


Date:   March 8, 2019                                      s/ Michael J. Newman
                                                                                 Michael J. Newman
                                                                                 United States Magistrate Judge

HAVE SEEN AND AGREED:

*/s/ Chad E. Willits*
Chad E. Willits, Esq.
REMINGER Co., LPA
525 Vine Street, Suite 1700
Cincinnati, Ohio 45202
T:  513-455-4024
F:  513-721-2553
Email: cwillits@reminger.com
*Counsel for Defendant*

*/s/ Daniel J. Treadaway*
(per 3-7-2019 e-mail auth.)
Marc D. Mezibov
Brian J. Butler
Daniel J. Treadaway
Mezibov Butler
615 Elsinore Place
Cincinnati, OH  45202
T:  513-621-8800
F:  513-621-8833
Email:  mmezibov@mezibov.com
           bbutler@mezibov.com
*Counsel for Plaintiff*

# EXHIBIT A

## ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION

I, _____, acknowledge that I have received a copy of and have read the Agreed Protective Order entered in *Ben Bosworth v. Dayton Heidelberg Distributing Company.*, Case No. 3:18-cv-00322-TMR (S.D. Ohio), and I agree to be bound by its terms. I acknowledge and agree that any document marked "CONFIDENTIAL" or disclosed to me as confidential that is received by me in connection with this matter, and any copy, excerpt, summary, or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Agreed Protective Order. I further acknowledge and agree that all Confidential Discovery Materials, as defined in the Agreed Protective Order, shall be used only in the prosecution or defense of this matter, and shall be returned or destroyed at the conclusion of the litigation.

I consent to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing this Agreed Protective Order.

I declare under penalty of perjury under Ohio law that the foregoing is true and correct. Executed this _____ day of _____, 2019.

                                                                                          _____
                                                                                          **Signature**

                                                                                          _____
                                                                                          **Printed Name**