UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BEN BOSWORTH,

    Plaintiff,

vs.

DAYTON HEIDELBERG
DISTRIBUTING COMPANY,

    Defendant.

Case No. 3:18-cv-322

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY GRANTING DEFENDANT'S MOTION TO COMPEL (DOC. 24)**

---

This civil case is before the Court on Defendant's motion to compel release authorizations from Plaintiff. Doc. 24. Plaintiff filed a memorandum in opposition. Doc. 25. Thereafter, Defendant filed a reply. Doc. 27. The Court heard oral argument on the issues presented on June 14, 2019. Docs. 20, 21. The undersigned has carefully considered all of the foregoing, and Defendant's motion is now ripe for decision.

Plaintiff is a veteran of the United States Army, having served from July 1996 through July 2004. Doc. 1 at PageID 3. During his Army service, Plaintiff deployed to Afghanistan as part of Operation Enduring Freedom and engaged in active combat. *Id*. As a result of his service, Plaintiff suffers from service-connected physical and emotional impairments, including post-traumatic stress disorder. *Id*. Following his service in the Army, Plaintiff worked for Defendant in Dayton, Ohio from December 12, 2009 until his termination from employment on July 25, 2017. *Id*. at PageID 2-3. Plaintiff contends that Defendant terminated his employment improperly as a result of discrimination on the basis of his disability in violation of, *inter alia*, the Americans with Disabilities Act ("ADA"), 42 US.C. § 12101 *et. seq.*, and the Uniformed Services Employment and Reemployment Act of 1994, 42 U.S.C. § 4301 *et. seq. Id* at PageID 1.

During discovery, it was revealed that Plaintiff has received disability benefits from the United States Department of Veterans Affairs ("VA"). Doc. 24 at PageID 67. In fact, during his deposition, Plaintiff testified that, in June 2017, he applied for an increase in his VA benefits based on unemployability, representing that he was "unable to secure or follow any substantially gainful occupation[.]" *Id*. Defendant has requested copies of Plaintiff's VA treatment records, as well as other documents related to his VA disability claim(s) and seeks an executed release authorization from Plaintiff so that Defendant can obtain records from the VA. *Id*. at PageID 67-68; *see also* doc. 25 at PageID 77.

Plaintiff objects to Defendant's request to provide a release authorization and, instead, Plaintiff (or his counsel) obtained records directly from the VA to review and, subsequently, produced them to Defendant. *Id*. at PageID 68. While Defendant has received "several hundred pages of VA treatment and examination records," Defendant's counsel represents that "few if any records relating to Plaintiff's disability benefits or any related VA evaluation or determination were produced." *Id*. As a result, Defendant has again requested that Plaintiff execute and return to it a release authorization so that its counsel can receive the VA records directly. *Id*. Plaintiff objects to Defendant directly obtaining records from the VA on the grounds that some information produced by the VA may be irrelevant or privileged. Doc. 25. Thus, Plaintiff's counsel argues he should have an opportunity to review the records for relevance and privilege concerns before production to Defendant occurs. *Id*.

From the undersigned's perspective, Plaintiff's VA disability status, his representations made in seeking benefits, and the records considered by the VA in making a disability determination are relevant to issues presented in this case and Plaintiff's assertions of potential privilege are unclear. Plaintiff cites no authority suggesting that documents in the hands of a third-

party could be protected by the attorney-client privilege[1] or that the patient-physician privilege would now attach to his application for VA benefits or to the records considered in determining his disability benefits claim. *Cf. United States v. Hudson*, No. CRIM.A. 13-20063-01, 2013 WL 4768084, at *6 (D. Kan. Sept. 5, 2013); *In re Grand Jury Investigation*, 114 F. Supp. 2d 1054, 1056 (D. Or. 2000). Insofar as there are concerns about the sensitivity of the information at issue, any such concern can be resolved by, at least preliminarily, deeming any documents obtained by virtue of the release authorization confidential information subject to the terms of the Protective Order issued in this case, which the undersigned now **ORDERS**. Doc. 13.

Finding that Defendant receiving documents directly from the VA "represents the most efficient and economical way for Defendant to obtain those records[,]" *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 555 (S.D. Ohio 2014), the undersigned **GRANTS** Defendant's motion to compel (doc. 24), and **ORDERS** Plaintiff to execute and return to Defendant's counsel a release authorization forthwith.

**IT IS SO ORDERED.**

Date: July 10, 2019                    s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge

---

[1] The attorney-client privilege to attaches "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)